UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
GARY R. DAMATO,                    :
       Plaintiff,                  :
                                   :
   v.                              :   Case No. 3:08-cv-1859(DJS)(TPS)
                                   :
DOC MEDICAL, et al.,               :
       Defendants.                 :
```

### RULING AND ORDER

By amended complaint filed October 6, 2009, plaintiff asserts claims of deliberate indifference to serious medical needs against the remaining defendants, Drs. Naughi and Silvis ("the defendants"). On November 10, 2009, the defendants filed a motion to dismiss the amended complaint. Plaintiff was granted a final extension of time, until March 1, 2010, to file his opposition to the motion to dismiss. On February 19, 2010, plaintiff filed a motion for appointment of counsel and a motion to include exhibits for the court's consideration. The court assumes that these motions are plaintiff's response to the motion to dismiss.

### I.  Motion for Appointment of Counsel

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel or legal assistance on his own. See Hodge v.

Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff fails to indicate that he has made any attempts to obtain legal assistance or representation prior to filing this motion. Accordingly, the court cannot conclude at this time that the plaintiff will be unable to obtain legal assistance on his own.

Plaintiff's motion for appointment of counsel is denied without prejudice as premature. Any refiled motion shall include evidence demonstrating that plaintiff is unable to obtain representation or legal assistance on his own.

**II. Motion to Include Exhibits**

In response to defendants' motion to dismiss, plaintiff asks the court to consider various medical records in support of his claim. If the court elects to consider matters outside of the pleadings, it must treat a motion to dismiss as a motion for summary judgment and afford the parties an opportunity to present all material pertinent to the motion. See Fed. R. Civ. P. 12(d).

Plaintiff's motion to include exhibits is granted. The court will consider the motion to dismiss as a motion for summary judgment and affords the parties time to file any materials they consider pertinent to the motion.

The court hereby gives notice to plaintiff that any factual assertions in the documents submitted by the defendants in response to this order will be accepted as true unless plaintiff files

2

affidavits or other documentary evidence to contradict the defendants' assertions.  Plaintiff may not simply rely on his amended complaint.  Also, a memorandum is not sufficient to oppose a motion for summary judgment.  Plaintiff must respond to the motion for summary judgment with affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.[1]

Furthermore, a party opposing a motion for summary judgment has obligations under Local Rule 56(a)2.  That rule requires a party opposing summary judgment to include in his opposition papers

---

[1] Rule 56(e), Fed. R. Civ. P., states:

> (1) In General.  A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.
> (2) Opposing Party's Obligation to Respond.  When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits of as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

a "Local Rule 56(a)2 Statement." The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which the moving party contends are undisputed. Plaintiff must state whether he admits or denies each such fact. Plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which plaintiff contends must be tried. In addition, Local Rule 56 requires that:

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If plaintiff does not file a 56(a)2 statement, all material facts set forth in the defendants' Rule 56(c)1 statement will be deemed admitted.

**The defendants are afforded thirty (30) days from the date of this order to file any pertinent materials in support of their motion, now treated as a motion for summary judgment. Plaintiff must file a response to the defendants' motion for summary judgment within sixty (60) days from the date of this order. The response should be accompanied by affidavits and/or the other evidence described above. If the plaintiff does not respond within the time specified, the court may grant the motion for summary judgment**

4

**absent objection.  If summary judgment is granted against the plaintiff, the case will not proceed to trial.  Instead, judgment will enter in favor of the defendants and the case will be closed.**

III. Conclusion

Plaintiff's motion for appointment of counsel [**Doc. #29**] is **DENIED** without prejudice.  Plaintiff's motion to include exhibits [**Doc. #30**] is **GRANTED**.  To consider these exhibits, however, the court must treat the motion to dismiss as a motion for summary judgment.  Accordingly, the defendants are afforded **thirty (30) days** from the date of this order to file additional materials pertinent to the motion and plaintiff is afforded **sixty (60) days from the date of this order** to file a response in accordance with this order.

**SO ORDERED** at Hartford, Connecticut this 8th day of April, 2010.

                                          **/s/ Thomas P. Smith**
                                          **Thomas P. Smith**
                                          **United States Magistrate Judge**