# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GARY R. DAMATO,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | Case No. 3:08cv1859(DJS)(TPS) |
| : | |
| **DOC MEDICAL, et al.,** : | |
|     **Defendants.** : | |

## RULING AND ORDER

The plaintiff has filed motions for appointment of counsel, a motion seeking an additional 90 days to respond to the defendants' motion for summary judgment, and a motion to compel.

## I. Motions for Appointment of Counsel

The Second Circuit repeatedly has cautioned district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).

The Court denied the plaintiff's prior motion to appoint counsel because he failed to show that he had attempted to obtain representation or legal assistance on his own. He now attaches to his present motions letters from several law firms and legal clinics declining representation. He does not indicate, however, that he sought assistance from Inmates' Legal Assistance Program, the organization created to provide legal assistance to prisoners

in cases against the Department of Correction.  Without contacting Inmates' Legal Assistance Program, the Court cannot conclude that plaintiff is unable to obtain legal assistance on his own.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance."  Id.  In Cooper v. Sargenti, the Second Circuit cautioned district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."  877 F.2d at 173-74.  The Court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Id. at 171.

At this time, the Court cannot determine whether the plaintiff's claims have likely merit.  The defendants have filed a motion for summary judgment in response to documentary evidence submitted by the plaintiff in opposition to their motion to dismiss.  The plaintiff has not responded to the motion.  Thus, the Court has not yet considered the merits of any of the plaintiff's claims.

The plaintiff's motions for appointment of counsel [**Docs. #42, 49, 50**] are **DENIED** without prejudice.

II.  Motion for Extension of Time

The defendants filed a motion for summary judgment on May 21, 2010.  The plaintiff was granted an extension of time, until August

2

10, 2010, to file his opposition. He now seeks another 90 days, until November 8, 2010, to respond. The plaintiff's motion [**Doc. #48**] is **GRANTED**. The plaintiff is cautioned, however, that because he now has been granted nearly six months to respond to the defendants' motion, the Court will not consider favorably any further requests for extension of time.

III. Motion to Compel

Although he captions this document a motion to compel, the plaintiff merely asks the Court to compel that counsel be appointed to represent him. As the Court has determined above, appointment of pro bono counsel is not warranted at this time. The motion to compel [**Doc. #46**] is **DENIED**.

IV. Conclusion

The plaintiff's motions for appointment of counsel [**Docs. #42, 49, 50**] are **DENIED** without prejudice. The plaintiff's motion for extension of time [**Doc. #48**] is **GRANTED** and his motion to compel [**Doc. #46**] is **DENIED**. The plaintiff shall file his opposition to the defendants' motion for summary judgment on or before **November 8, 2010**. Any requests for further extensions of time will not be considered favorably.

**SO ORDERED** at Hartford, Connecticut this 6th day of August, 2010.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge

3